**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CASEY WILKERSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>WIESE USA, INC.,<br><br>*Defendants.* | No. 4:26-cv-01040-MAL |
| BRYAN REDDICK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>WIESE USA, INC.,<br><br>*Defendants.* | No. 4:26-cv-01115-ZMB |

**MEMORANDUM & ORDER**

This matter comes before the Court on Plaintiffs Casey Wilkerson's and Bryan Reddick's Unopposed Motion to Consolidate Related Cases and Appoint Interim Counsel. Doc. 7.[1] Wilkerson and Reddick move to consolidate this action (the *Wilkerson* action) with *Reddick v. Wiese USA, Inc.*, 4:26-cv-01115-ZMB (E.D. Mo) (the *Reddick* action). Doc. 7 at 7. Wilkerson and Reddick also move for appointment of

[1] All record citations use the page numbers assigned by the CM/ECF Electronic Document Filing System. Record citation from *Wilkerson v. Wiese USA, Inc.* 4:26-cv-01040-MAL will be referred to as "Doc." Record citations from *Reddick v. Wiese USA, Inc.* 4:26-cv-0115-ZMB will be referred to as "Reddick Doc."

interim class counsel. Doc. 7 at 7. Finally, Wilkerson and Reddick move to stay the deadline for Defendant Weise USA, Inc.'s (Weise) response to their complaints and to set a deadline for filing a single consolidated complaint and subsequent responses to that complaint. Doc. 7 at 7. The motion to consolidate is unopposed by the Defendant. Doc. 7 at 7. Defendants took no position on the motion for appointment of interim class counsel. Doc. 7 at 7.

## I. BACKGROUND

On June 19, 2026, Wilkerson filed this putative class action lawsuit against Wiese, which relates to a cyber incident that occurred in June 2026. Doc. 1 at ¶ 1. Wilkerson alleges that Weise failed to properly safeguard personally identifiable information of Plaintiff and class members. Doc. 1 at ¶ 2. The data breach caused injuries including: financial loss, the loss or diminished value of their private information, lost time associated with detecting and preventing identity theft, and theft of personal and financial information. Doc. 1 at ¶ 12. Wilkerson seeks to represent a proposed nationwide class defined as "all persons whose Private Information was compromised as a result of Defendant's failure to: (1) adequately protect the Private Information of Plaintiff and Class Members, (2) warn Plaintiff and Class Members of Defendant's inadequate information security practices, (3) effectively secure hardware containing protected Private Information using reasonable and adequate security procedures free of vulnerabilities and incidents; and (4) timely notify Plaintiff and Class Members of the Data Breach." Doc. 1 at ¶ 14.

About a month later, Reddick filed in federal court a different putative class action lawsuit arising from the June 2026 cyber incident. *Reddick* Doc. 1 at ¶ 1. The facts and injuries alleged in *Reddick* are identical to those alleged in *Wilkerson*. *See* Doc. 1 at ¶¶ 1, 12; *Reddick* Doc. 1 at ¶¶ 1, 12. Each action includes the same claims of negligence, negligence *per se*, unjust enrichment, and breach of implied contract. The proposed class definitions in *Wilkerson* and *Reddick* are identical. *See* Doc. 1 at ¶ 14; *Reddick* Doc.1 at ¶ 14. Plaintiffs now move together to consolidate their actions.

## II. DISCUSSION

### A. Unopposed Request for Consolidation

A court may consolidate multiple cases when the cases share a "common question of law or fact." Fed. R. Civ. P. 42(a). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). When considering whether to consolidate, courts look to several factors, including: "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple trial alternatives." *O'Donnell v. Charter Commc'ns, Inc.*, 2025 WL 3254516, at *2–3 (E.D.Mo. Nov. 21, 2025) (quoting *Select Comfort Corp. v. Baxter*, 2022 WL 17555484, at *3 (D. Minn. Dec. 9, 2022)) (alteration in original). Pursuant to the Local Rules for the Eastern District of Missouri, the judge presiding over the lowest-numbered case is responsible for ruling on consolidations and, if consolidated, presiding over the consolidated cases. *See* E.D. MO. L.R. 4.03.

Consolidation is warranted here. The cases allege common questions of law and fact. Both complaints bring claims of negligence, negligence *per se*, unjust enrichment, and breach of implied contract against Wiese. Doc. 1 at ¶ 15, *Reddick* Doc. 1 at ¶ 15. All these claims arise out of leaked personally identifiable information due to a data breach experienced by the Defendant in June 2026. *See* Doc. 1 at ¶ 1, *Reddick* Doc. 1 at ¶ 1. There is substantial risk of inconsistent adjudications on these common questions and multiple lawsuits that would be a waste of judicial resources. Thus, pursuant to Rule 42(a) and Local Rule 4.03, the Court consolidates the cases. *See* Fed. R. Civ. P. 42(a)(2); E.D. MO. L. R. 4.03.

### B. Appointment of Interim Counsel

A court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed R. Civ. P.

23(g)(3). "When appointing interim class counsel, courts generally look to the same factors used to determine the adequacy of class counsel under Rule 23(g)(1)(A)." *O'Donnell*, 2025 WL 3254516, at *1. These factors include:

(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* at 23(g)(1)(B).

The Court finds that all four of the above factors are in favor of granting Plaintiffs Motion to Appoint Interim Class Counsel. Based on the motion and the attached exhibits, it is evident that a joint appointment of co-lead class counsel will adequately represent the class and serve to expedite litigation. *See* Doc. 7. Ms. Loginov and Ms. Brady have independently conducted investigations of the potential claims. *See* Doc. 1, *Reddick* Doc. 1. Both attorneys have extensive knowledge in this type of complex litigation and claims asserted in this case. *See* Doc. 7 at 7–13. Both have indicated that they are knowledgeable about the applicable law and that they are sufficiently funded, staffed, and willing to provide adequate attention to this case. *See* Doc. 7 at 14–15. As such, the court will grant the motion and appoint Ms. Loginov and Ms. Brady as interim co-lead counsel.

## III. CONCLUSION

For the above reasons, **IT IS HERBY ORDERD** that Plaintiff's Motion to Consolidate and for Appointment of Interim Counsel is **GRANTED**. Doc. [7].

**IT IS FURTHER ORDERED** that the *Weise* cases are consolidated. The Clerk of Court is directed to consolidate *Reddick v. Weise*, 4:26-cv-0115-ZMB, with this case (the "Consolidated Action"), administratively close those cases, and file this Order of Consolidation on both dockets. All future filings and pleadings must be

made in this Consolidated Action. *See* E.D. Mo. L.R. 4.03. No further filings will be accepted in the closed case.

**IT IS FINALLY ORDERED** that Leanna A. Loginov of Shamis & Gentile, P.A. and Maureen Brady of McShane & Brady, LLC are appointed as co-lead interim class counsel.

**SO ORDERED,**

This 31st day of August, 2026.

Maria A. Lanahan
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE